

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN DEWAYNE KNIGHT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-887-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Steven Dewayne Knight, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Procedural History

In 2011 petitioner was indicted in Parker County, Texas, Case NO. CR11-0511, for felony driving while intoxicated (DWI).

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Clerk's R. at 18. The indictment also included two enhancement paragraphs alleging prior felony convictions for felony DWI and aggravated assault with a deadly weapon. *Id.* at 19. On December 14, 2011, a jury found petitioner guilty of the offense, petitioner pleaded true and the jury found true the enhancement paragraphs, and the jury assessed his punishment at life imprisonment. *Id.* at 45. The Fort Worth Court of Appeals affirmed the trial court's judgment on May 23, 2012, and, on August 21, 2013, the Texas Court of Criminal Appeals refused his petition for discretionary review. Mem. Op. at 8 & "Docket Sheet. On June 13, 2014, petitioner filed a postconviction state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on August 6, 2014, without a hearing or written order. (State Habeas Record (hereafter "SHR"[2]) at cover) This federal petition for habeas relief followed.

The Fort Worth Court of Appeals summarized the facts of the case, in relevant part, as follows:

> On May 8, 2011, Knight was at a restaurant when the owner of the restaurant noticed that Knight appeared to be intoxicated. Knight was alone. Knight began "stumbling" out of the restaurant to get in his car, and the restaurant owner called the police.

---

[2] "SHR" refers to the record of petitioner's state habeas proceeding in *Ex parte Knight,* State Habeas Application WR-81,707-01.

2

> Officer Frank Carroll responded to the call and quickly located Knight's car. Officer Carroll saw Knight pull into a convenience store and stop at a gasoline pump. Officer Carroll parked his car behind Knight's, and Knight got out of the driver's side of the car and began walking toward Officer Carroll. Knight smelled of alcohol, slurred his words, kept his hand on his car for balance, and began to urinate on himself while talking to Officer Carroll. Knight told Officer Carroll that his driver's license had been suspended, but gave him a state-issued identification card. He also told Officer Carroll he was not driving.
>
> Officer Carroll checked Knight's identification information and determined that Knight had two prior DWI convictions. Knight refused to perform the field sobriety tests. Officer Carroll put Knight in handcuffs and began taking him to the patrol car. At this point, Knight became "belligerent," "vulgar," and "argumentative." For example, Officer Carroll testified that Knight stated "he was going to kick my a[—]" and that "he was going to f[---] my wife." Officer Carroll took Knight to have his blood drawn at a hospital, where it was discovered Knight's blood alcohol concentration was four times the legal limit. *See* Tex. Penal Code Ann. § 49.01(2)(B) (West 2011).
>
> Knight was indicted for felony DWI based on his two prior DWI convictions. *See id.* §§ 49.04(a), 49.09(b)(2) (West Supp.2012). Specifically, the indictment charged that Knight "did . . . drive and operate a motor vehicle in a public place while . . . intoxicated."
>
> At trial, Knight's defensive theory was that he was not the driver. Indeed, the keys were not in the car when police officers inventoried the car after Knight's arrest, and Knight did not have the keys when he arrived at the jail. . . .

Mem. Op. at 2-4 (footnote omitted).

3

## II. Issues

In this petition, petitioner raises four grounds for habeas relief:

(1) Unlawful search and seizure;

(2) Ineffective assistance of counsel;

(3) Failure to prove every element of the offense; and

(4) Abuse of discretion.

Pet. at 6-7.

## III. Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted his state court remedies as to the grounds raised and that the petition is not untimely under the federal statute of limitations or a successive petition. Resp't's Answer at 5; 28 U.S.C. § 2244(b), (d).

## IV. Discussion

### *Legal Standard for Granting Habeas Corpus Relief*

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court

precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington,* 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000). This presumption applies to both express and implied findings of fact. *Valdez v. Cockrell,* 274 F.3d 941, 948 (5th Cir. 2001). Thus, absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). Further, when the Texas Court of Criminal Appeals denies a federal claim in a

5

state habeas corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law, as determined by the Supreme Court of the United States" unless there is evidence that an incorrect standard was applied, in making its decision. *Johnson v. Williams*, — U.S. —, 133 S. Ct. 1088, 1094 (2013); *Harrington*, 562 U.S. at 99; *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004). With these principles in mind, the court addresses petitioner's claims.

### (1) Unlawful Search and Seizure

Under his first ground, petitioner claims Officer Carroll had no reasonable suspicion to effect a seizure or probable cause to effect an arrest. Pet. at 6. A federal court is generally barred from reviewing Fourth Amendment claims on habeas review. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Where a state affords sufficient opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure. *Id.* at 489-95. Petitioner had the opportunity, whether or not that

6

opportunity was exercised, to raise his Fourth Amendment claims at trial, on direct appeal, and his state habeas application. Petitioner raised the issue for the first time in his state habeas application, which was denied without written order by the Texas Court of Criminal Appeals. As previously noted, such a disposition by the highest state court generally indicates the disposition was substantive as opposed to procedural. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Thus, petitioner received a full and fair opportunity to litigate his Fourth Amendment claims in the state courts, and *Stone* bars relitigation of the issue here. *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).

*(2) Ineffective Assistance of Counsel*

Under his second ground, petitioner claims he received ineffective assistance of counsel at trial and on appeal. A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on the first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's

7

deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Supreme Court recently set out in *Harrington v. Richter* the way that a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Accordingly, it is necessary only to determine whether the state courts' rejection of petitioner's ineffective

8

assistance claims was contrary to or an objectively unreasonable application of *Strickland*. *Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Petitioner claims counsel, David Richards, who represented him at trial and on appeal, was ineffective by

- failing to raise his Fourth Amendment claim in a motion to suppress and in appellant's brief on appeal;

- failing to argue that the videotape, state's exhibit 2, has a contradicting time-date stamp in a "timeline structured and required offense" and to object to the video "showing 'urine stain' hours after initial arrest";

- failing to argue that the blood test results were inadmissible based on the lack of a "certified time of intoxication . . . in a timeline structured and mandated offense" and object to the chain of custody;

- failing to object to the restaurant owner Lorena Chadwell's in-court identification;

- failing to investigate and familiarize himself with the circumstances of petitioner's case; and

- failing to object to petitioner being placed in leg irons during voir dire.

Pet. 6 & Pet'r's Mem. 9-15.

No express findings of fact or conclusions of law were made by the state courts as to these claims. The state habeas court

9

merely recommended denying relief after finding that petitioner's state habeas application presented "no controverted, previously unresolved facts material to the legality" of Petitioner's confinement; that petitioner's claims were not proper claims for habeas corpus relief; and that all of petitioner's claims were "without relief." Adm. R., WR-81,707-01 at 108, ECF No. 10-15. The recommendation was followed by the Texas Court of Criminal Appeals, which denied relief without a hearing or written order.

In the absence of a written opinion or express findings of fact, this Court assumes the state courts applied the *Strickland* standard and made factual findings consistent with the state courts' decision. Having reviewed the record in its entirety, and assuming the state courts concluded that petitioner failed to demonstrate one or both prongs of *Strickland*, petitioner wholly fails to demonstrate that the state courts' adjudication of his claims was contrary to or an unreasonable application of *Strickland*. Petitioner's claims are largely conclusory, with no legal and/or evidentiary basis, refuted by the record, involve state evidentiary rulings or other matters of state law, or involve strategic and tactical decisions made by counsel, all of which generally do not entitle a state Petitioner to federal habeas relief. *See, e.g., Kimmelman v. Morrison*, 477 U.S. 365,

375 (1986) (providing "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice"); *Strickland,* 460 U.S. at 689 (holding strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for postconviction relief on the grounds of ineffective assistance of counsel); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (providing "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial"). *See also* TEX. TRANSP. CODE ANN. § 724.064 (West 2011) (blood test results are admissible in a DWI prosecution). Moreover, even if Petitioner could demonstrate

11

defective assistance based on one or more of his claims, in view of the overwhelming evidence of his guilt and his lengthy criminal history, he cannot make a showing of *Strickland* prejudice-*i.e.*, that but for counsel alleged acts or omissions, the jury would have acquitted him of the offense and/or his sentence would have been significantly less harsh.

Nor has he demonstrated that counsel provided ineffective assistance on appeal. Appellate counsel is not required to urge every possible argument, regardless of merit. *Robbins,* 528 U.S. at 288; *Sharp,* 930 F.2d at 452. It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983). The question is whether petitioner has shown that appellate counsel's acts or omissions worked to his prejudice-*i.e.*, that but for counsel's acts or omissions he would have prevailed on appeal. *Sharp,* 930 F.2d at 453. Petitioner appears to argue that appellate counsel was ineffective "throughout the appeals process" by failing to raise his Fourth Amendment claim. However, the Fourth Amendment issue was not preserved for appeal in the lower court, and petitioner fails to establish a meritorious Fourth Amendment claim.

The initial consensual encounter between Officer Carroll and

12

petitioner did not require reasonable suspicion or probable cause. And, even if the encounter was not consensual, Officer Carroll had reasonable suspicion to detain petitioner for investigative questioning based on the tip, petitioner's proximity to the restaurant, the type of car petitioner was driving, its license plate number, and petitioner's attempt to hide or flee from the officer. *United States v. Sokolow*, 490 U.S. 1, 7 (1989); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Officer Carroll had probable cause to arrest petitioner after a license check revealed that he was driving with a suspended license during the investigatory stop. Petitioner's attempt to raise a Fourth Amendment and/or ineffective assistance claim under the more recent Supreme Court decision in *Missouri v. McNeely*, — U.S. —, 133 S. Ct. 1552 (2013), also fails. In *McNeely*, a plurality of the court held that the need for a warrant to obtain blood in connection with an arrest for DWI must be determined on a case by case basis under the totality of the circumstances. The court observed that the fact that alcohol is metabolized does not create *per se* exigent circumstances. Instead, the constitutionality of a warrantless blood alcohol test is to be determined on the facts of each case. *McNeely* was decided in 2013 after Petitioner's conviction was affirmed on appeal. Counsel

13

cannot be deemed ineffective for failing to anticipate a case decided after his representation has ceased. "[T]here is no general duty on the part of defense counsel to anticipate changes in the law . . . ." *United States v. Fields,* 565 F.3d 290, 294 (5th Cir. 2009).

### *(3) Failure to Prove Every Element of the Offense*

Under his third ground, petitioner claims the state failed to prove every element of the offense. Pet. at 7. Specifically, he states (all grammatical errors are in the original):

> The Supreme Court cautions presumptions are unconstitutional if it undermines the fact finders responsibility to find each and every element of the offense beyond a reasonable doubt. The validity of the presumptions depends on the "strength of the connection between particular basis and elemental facts" and the degree the presumptions curtails the fact finders freedom to assess evidence independently.
>
> The freedom to assess depends on presumption permissive or mandatory.
>
> A mandatory presumption does not permit the jury to reject the inference based on independent evaluation of the evidence. Therefore the mandatory presumption of no definitive established time of Driving While.
>
> No definitive established time of Intoxication requires and mandates the presumption to connect the elements of the offense and further evidence does not support conviction under the interpretation of statute included in jury instruction.

Pet'r's Mem. at 16.

Section 49.01 of the Texas Penal Code defines intoxication as either loss of faculties or having an alcohol concentration of .08 or greater in the body. TEX. PENAL CODE ANN. § 49.01(2) (West 2011). The jury charge in this case authorized conviction under either definition. Clerk's R. at 51. Although it is unclear, petitioner appears to argue that the statute establishes an impermissible presumption which relieves the State from proving beyond a reasonable doubt the element of intoxication at the time of the offense. The Texas Court of Criminal Appeals has rejected this argument, and no Supreme Court precedent addressing the constitutionality of the statute is found. *See Forte v. State*, 707 S.W.2d 89, 94-95 (Tex. Crim. App. 1986) (interpreting TEX. REV. CIV. STAT. ANN. art. 6701l-1(a)(2)(b) (now codified at TEX. PENAL CODE ANN. § 49.01(2)(B))(holding the statute does not constitute a mandatory conclusive presumption). In this case, the results of petitioner's blood test showed that his blood-alcohol concentration was four times the legal limit approximately one hour after his arrest. Reporter's R. at 98-102. Even without retrograde extrapolation, the results are probative and relevant under the impairment theory of intoxication because they "'tend to make it more probable that [petitioner] was intoxicated at the time of driving.'" *Kirsch v. State*, 306 S.W.3d 738, 744 (2010)

(quoting *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005)). Moreover, Officer Carroll testified that petitioner staggered and used his car for balance; that his speech was very slurred; that he had a strong odor of alcohol coming from him; that he urinated on himself; that he refused to perform field sobriety tests; and that he was driving with a suspended driver's license. Reporter's R., vol. 3, at 60-71. The jury was also able to view petitioner's demeanor on the videotape taken at the police station and admitted into evidence. Viewing the evidence in the light most favorable to the verdict, the evidence, even without the blood test results, is sufficient to support a finding that petitioner lacked the normal use of his faculties at the time of the offense. *Jackson v. Virginia*, 443 U.S. 307 (1979).

### (4) *Abuse of Discretion*

Under his final ground, petitioner claims the trial court abused its discretion by having him brought into court with visible leg restraints on during voir dire; rewriting "the statutory meaning and wording in the offense as defined in the jury charge by inserting words not included in [the] statute, to include 'legally' and 'illegally' intoxicated and thereby comments on the evidence and the weight thereof"; and improperly

16

defining and impermissibly "guiding the jury's understanding" of the term "operate." Pet. at 7; Pet'r's Mem. at 17-18.

There is no evidence in the record to support petitioner's first claim. Rather, the record reflects that petitioner wore a "leg brace," not visible to the jury, during voir dire and/or the guilt-innocence phase of trial and that he chose to wear prison garb and ankle and waist chains during the punishment phase. Reporter's R., vol. 4, at 1-12. The record also rebuts petitioner's assertion that the trial court erroneously included "legally" and/or "illegally" intoxicated in defining the offense. The final charge contained no reference to the terms "legally" or "illegally" intoxicated. Clerk's R. at 29, ¶ 2.

Finally, although the term "operating" is not defined in the statute, the trial court gave the following definition of the term:

> "Operating" means that a person, in the totality of the circumstances, personally exercised physical control, power or influence over the motor vehicle's use or functioning. While it is not necessary that the vehicle actually move or be in movement to operate a motor vehicle, it is necessary that the motor vehicle be turned on and capable of movement.

Clerk's R. at 50.

Improper jury instructions in state criminal trials generally do not provide a basis for federal habeas relief unless

17

the error resulted in prejudice of constitutional magnitude. *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986). A habeas petitioner must demonstrate that the error had a substantial and injurious effect or influence on the determination of the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993); *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999). Assuming the state courts rejected this claim, petitioner cannot demonstrate jury-charge error as a matter of state law. Nor does he cite to Supreme Court precedent that the instruction is constitutionally prohibited or present persuasive argument that, even if wrong, the instruction had a substantial and injurious effect or influence on the jury's verdict.

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED August 15, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

18